LEWIS BERLOWITZ, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.
141 N. W. 2d 764

Filed April 15, 1966. No. 36081.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellant.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., James J. Duggan, and Thomas H. Dorwart, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

In this eminent domain proceeding a jury assessed plaintiff's recovery at $3,530. Inadequacy of the verdict is the assignment of error to be discussed.

Plaintiff owned an irregular tract of land, Lots 37 and 57, in Lancaster County, Nebraska. Lot 37 is located at the northeast corner of the intersection of Cornhusker Highway and Milton Street. Prior to commencement of this eminent domain proceeding Lot 37 fronted on Cornhusker Highway a distance of 225 feet. Its area was 85,835 square feet. Lot 57, comprising approximately 12.15 acres, adjoins the north side of Lot 37.

On July 18, 1962, the State, in order to widen Cornhusker Highway, acquired the west 15.1 feet and all the south 22 feet except the west 15.1 feet of Lot 37, the total area being 9,555.5 square feet. It also appropriated 302 square feet from Lot 57. In the interest of clarity the parties have obviated further mention of Lot 57, the small award for that appropriation being attributed to Lot 37 for practical purposes. Ingress and egress were limited to Milton Street and a service road.

The $3,530 verdict reflects the testimonial conclusion of the only real estate appraiser called by the State. It may be assumed that testimony of three other appraisers would have sustained a verdict between $26,000 and $35,000. Plaintiff contends that the witness for the State erred in computing the amount of loss from units of

valuation which he employed in his market data approach. An argument of secondary prominence concerns the denial of damages allegedly resulting from impairment of access to Cornhusker Highway.

The witness for the State testified to opinions in harmony with the principle of just compensation—market value of the part appropriated plus the difference in market value of the remainder before and after the taking. See Chaloupka v. State, 176 Neb. 746, 127 N. W. 2d 291. Prior to the appropriation the front foot value of Lot 37 had been $90, and the total value, $20,250. However, the unit of valuation relevant to the part taken was the square foot, that is, $0.23 per square foot, or $2,267. The remainder damage of $1,263 represented the difference between $17,983 and $16,720. The appraisal of the overall loss to plaintiff was $3,530.

It faintly appeared that the witness was incorrectly overlapping separate units of valuation. The possibility neared probability as he continued his testimony. The land remaining after the appropriation was worth $80 per front foot for the rounded 209 feet or a total of $16,720. On cross-examination he explained that in employing front foot valuations of $90 and $80 he had been including the land taken.

Plaintiff contends that the minimum verdict supported by evidence would have been $4,366. He adds to the $2,267 for the land taken the sum of $2,099 representing remainder damage of $10 per front foot for 209.9 feet.

We disagree. To accept plaintiff's argument is to discard the explanation on cross-examination. The witness adopted the unit front foot to appraise the land before the taking and the remainder after the taking. No special benefits reduced his valuation of the part appropriated; under the circumstances his method was consistent with standards of just compensation. Deficiencies in his testimony, too obvious for specification, went merely to credibility.

Prior to July 18, 1962, Cornhusker Highway furnished

access to a realtor's office and a portable gasoline service station located on Lot 37. Three driveways 40 to 66 feet wide led from the highway to the lot. As a result of eminent domain access from the highway is furnished only by the service road, which runs parallel between the highway and the south side of the lot. The two entrances to the service road from the highway are located 900 feet east of the lot and at the Milton Street intersection.

The verdict responded to the testimony of the real estate broker called by the State. In his opinion plaintiff's access had not been impaired. Reasonableness measures this property right, and impairment is ordinarily a question of fact. See Balog v. State, 177 Neb. 826, 131 N. W. 2d 402. It was here.

There was no error prejudicial to plaintiff, and the judgment is affirmed.

AFFIRMED.

WHITE, C. J., not participating.